Dear Chief Stewart:
You have requested an opinion of the Attorney General regarding the payment of a veterinarian bill for the treatment of a police horse which died while on mounted patrol.
You state that a reserve police officer was on duty for the Monroe Police Department (Department). The officer is a member of the Department's Mounted Patrol Unit and, when on duty, is considered an element of the Department. Attorney General Opinion No. 77-1256. The officer is also considered a "law enforcement officer" as that term is used in R.S. 33:2201, which provides financial security for surviving spouses and children of law enforcement officers who suffer death in the course and performance of their official duties. The horse, while personally owned by the officer, is a certified police horse.
The officer and the mounted patrol horse were on active duty working crowd control for a football game. During the tour of duty, the horse collapsed and subsequently died. In an attempt to save the horse a veterinarian was called to the scene. The bill for his services was approximately $800.00. You specifically ask whether the Department can pay this bill.
As previously noted, both the officer and the horse were serving a tour of duty and were acting in their official capacities in the Department's Mounted Patrol Unit. The expenditure of public funds under these circumstances can be examined in connection with Article VII, Section 14 of the 1974 Louisiana Constitution. Section 14(A) generally prohibits the loan, pledge or donation of public funds.
Paragraph (C) authorizes the state and its political subdivisions (i.e., the Department) to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or individuals.
Attorney General Opinion No. 90-651, citing City of PortAllen v. Louisiana Risk Management, et al., 439 So.2d 399 (La. 1983), enumerated the requirements for the constitutional expenditure of public funds under Article VII, Section 14(C). The threshold requirement distinguishing between invalid and lawful expenditures of public funds is the presence of a legal obligation or duty (i.e., authority) by the transferor (i.e., the Department) to alienate its funds. This prerequisite is satisfied by the presence of a valid statute or ordinance, charter or contract. Obviously, the Department is authorized to have a Mounted Police Patrol Unit to assist it in situations, like crowd control.
The requirement of a legal duty and/or authority is the threshold, but not the only predicate for the constitutionality of the expenditure. Second, the expenditure must be for a public purpose. We believe that it is axiomatic that the use of the Mounted Patrol Unit for crowd control at an athletic event serves to protect the players, coaches, referees and members of the general public attending that event. Accordingly, we find the tour of duty in question clearly constitutes a public purpose. We turn now to the final criterion — that the expenditure result in a public benefit to the Department proportionate to the amount expended.
Clearly, one cannot put a price on the value of the welfare and safety of participants and attendees at a highly competitive athletic event. While these benefits are somewhat intangible, they are nevertheless substantive, and constitute an important contribution which the Department can make to the quality of life of its citizens. We therefore conclude that the Department's payment of the veterinarian bill is not so disproportionate to the public benefit served so as to render it unconstitutional.
Accordingly, it is the opinion of this office that the Department may pay the veterinarian bill incurred in connection with the attempt to resuscitate the certified police horse.
Trusting this adequately responds to your question, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj